**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS AND JULIE ALSOBROOK,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE et al.,<br><br>Defendants. | CASE NO. 12-cv-2151-GPC-WMC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[DKT. NOS. 7-8] |

**I. INTRODUCTION**

On September 28, 2012, Defendant Saxon Mortgage Inc. filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7.) On October 5, 2012 Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Ocwen Loan Servicing also filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 8.) For the reasons set out below, the Court hereby **GRANTS** Defendants' motions to dismiss without prejudice.

**II. BACKGROUND**

On May 31, 2007, Plaintiffs Douglas and Julie Alsobrook completed a loan for the property located at 4075 Bancroft Drive, La Mesa, California 91941 and the promissory note was

secured by a Deed of Trust.[1]  The Deed of Trust lists MERS as "the beneficiary under this Security Instrument," American Home Mortgage as the lender, and Lawyer's Title as the trustee.  On February 12, 2010, a notice of default and election to sell under deed of trust was filed in San Diego County, which showed that Plaintiffs were in default on the aforementioned loan in the amount of $18,309.78.  On June 14, 2012, a notice of sale was recorded by the Trustee, setting a sale date for July 10, 2012 and indicating an unpaid obligation of $335,426.42.  According to Defendants Ocwen and MERS, the sale date has been postponed by oral proclamation. (Dkt. No. 8 at 7.)

On August 31, 2012, Plaintiffs brought this pro se action alleging wrongful foreclosure and fraud, seeking injunction and declaratory relief to prevent the foreclosure of their property and seeking to void the Deed of Trust and to quiet title. (Dkt. No. 1.)  Plaintiffs base their claim on two primary legal theories.  Plaintiffs' "holder of the note" theory asserts that American Home Mortgage improperly sold the promissory note related to their property by taking two unauthorized actions: 1) failure to sell the underlying note and 2) failure to properly transfer title of the deed. (Id. at 8-9.)  According to Plaintiffs, the improper selling of the note thereby rendered any further purchase of the promissory note as "null and void."  Given this flaw, contend Plaintiffs, "any such foreclosure [of their property] violates both state and federal law due to the fact that only the owner of the Note can legally foreclose or instruct a third party to foreclose upon a deed of trust and/or mortgage." (Id. at 9.)  In essence, Plaintiffs claim that the foreclosure is invalid because the note was improperly securitized and Defendants are unable to prove that they are the true "holder" of the note.  Plaintiffs further challenge the manner in which the deed of trust was transferred via the Mortgage Electronic Registration System (MERS), and claims that MERS has no legal authority to operate in California nor the authority to foreclose upon Plaintiff's property. (Id. at 9, 19.)  Plaintiff also asserts that the improperly transferred note somehow violates the "Pooling Services

---

[1] Pursuant to Federal Rules of Evidence, Rule 201, Defendants have requested the Court take judicial notice of legal documents underpinning Plaintiffs' entire action.  As Plaintiffs' complaint fails to provide the relevant facts regarding the foreclosure of their property in question, the Court, having reviewed the exhibits, finds that the information can be accurately and readily determined from reliable sources. Accordingly, the Court takes judicial notice of Defendants MERS and Ocwen exhibits 1-6. See Dkt. No. 9.

1  Agreement." (Id. at 9.) According to Plaintiffs, these actions render the foreclosure of their
2  property invalid, constitute fraud and merit the Court enjoining Defendants from foreclosing on the
3  property in question. (Id. at 20.) Plaintiffs also request actual and punitive damages for harm
4  caused by Defendants' fraud and misrepresentation, and ask the Court to issue equitable relief in
5  the form of quieting Plaintiff's title. (Id. at 22-23.) Plaintiffs bring additional claims under the
6  Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA).
7      Defendant Saxon Mortgage, Inc. ("Saxon Mortgage") moves to dismiss Plaintiffs'
8  complaint based on several grounds. First, Saxon Mortgage contends that Plaintiffs' claims fail
9  because they have not substantiated the ability to tender the amount of indebtedness under the
10 loan's default. As such, Plaintiffs have failed to meet the prerequisite necessary to challenge any
11 foreclosure. (Dkt. No. 7 at 9.) Saxon Mortgage further asserts that Plaintiffs' claims are vague and
12 meritless, and the California Courts have rejected the very same arguments that Plaintiff has
13 brought before this Court.(Id.) Defendant also points to a variety of insufficiencies in Plaintiffs'
14 claims, including lack of prejudice, no standing, and defective, insufficient and time-barred claims
15 under other statutes. Alternatively, Saxon Mortgage asks the Court to require a more definite
16 statement from the Plaintiff.(Id. at 30.) Defendant Ocwen Loan Servicing, LLC and Mortgage
17 Electronic Registration Systems, Inc. also filed a motion to dismiss Plaintiffs' complaint for failure
18 to meet the minimum pleading standard of Federal Rule of Civil Procedure Rule 8, failure to state
19 a claim for wrongful disclosure and fraud, lack of standing, and other limitations that bar
20 Plaintiffs' claims. (Dkt. No. 8 at 2-12.)
21
22 **III. LEGAL STANDARD**
23      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of
24 a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under
25 Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter
26 Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326
27 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of
28 law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet

fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**IV. DISCUSSION**

**A. Wrongful Foreclosure (First Cause of Action) & Declaratory Relief (Fourth Cause of Action)**

Defendant Saxon Mortgage first moves to dismiss Plaintiffs' foreclosure claim for failure to state a claim because Plaintiffs have not, and cannot, tender the secured indebtedness as is

1  required to maintain a cause of action for wrongful foreclosure. (Dkt. No. 7 at 13-14.) (Citing
2  Abdallah v. United Savings Bank, 43 Cal.App. 4th 1101, 1109 (1996) (a defaulted borrower is
3  "required to allege tender of the amount of [the] secured indebtedness in order to maintain any
4  cause of action for irregularity in the sale procedure."); (Karlsen v. American Savings and Loan
5  Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness
6  owing is essential to an action to cancel a voidable sale under a deed of trust."(internal citation
7  omitted.)); (Cal. Civ Code §1486) ("an offer of performance is of no effect if the person making it
8  is not able and willing to perform according to the offer.") Defendant claims that Plaintiffs have
9  not adequately alleged tender as they have not "plead how much they offered to purchase the
10 property for, they did not show that the money requisite to make good on the offer is available on
11 deposit in a bank, and they failed to provide evidence of an offer of performance made with intent
12 to extinguish the obligation." (Dkt. No. 7 at 14.)
13     Generally, tender of the amount owed is a necessary to any claim for wrongful foreclosure
14 or challenge to the validity of a foreclosure sale. *See* Abdallah, 43 Cal.App.4th 1101, 1110 (1996);
15 Management Corp. v. Eischen, 158 Cal.App.3d 575 (1984); Gardner v. Am. Home Mtg. Servicing,
16 Inc., 2010 WL 582117 (E.D.Cal.2010). The majority of California district courts recognize that
17 plaintiffs seeking to set aside a completed foreclosure must allege the ability to tender. See, e.g.,
18 Lipscomb v. Mortgage Elec. Registration Sys., Inc., 2011 WL 3361132 *7 (E.D.Cal. August 3,
19 2011); Davidson v. Countrywide Home Loans, Inc., 2011 WL 1157569 *3 (S.D.Cal. March 29,
20 2011); Grant v. Aurora Loan Services, Inc., 736 F.Supp.2d 1257, 1269–70 (C.D.Cal.2010); Pantoja
21 v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1184 (N.D.Cal.2009); Keen v. Am. Home
22 Mortgage Servicing, Inc., 664 F.Supp.2d 1086, 1100 (The application of the tender rule prevents a
23 court from uselessly setting aside a foreclosure sale on a technical ground when the party making
24 the challenge has not established his ability to purchase the property." (internal citation omitted.)).
25 Here, Plaintiffs' complaint and subsequent reply to Defendants' motions to dismiss fail to allege
26 any ability to tender their indebtedness. Plaintiffs' complaint fails to even acknowledge the
27 amount of indebtedness on the original loan, much less their ability to make good on their
28 obligation.

1  Furthermore, California courts have rejected the "holder of the note" theory that Plaintiffs
2  assert here.  California's nonjudicial foreclosure scheme is set forth in California Civil Code
3  sections 2924 through 2924(k), which "provide a comprehensive framework for the regulation of a
4  nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Moeller v.
5  Lien, 25 Cal.App. 4th 822, 830 (1994).  California appellate courts have "refused to read any
6  additional requirements into the non-judicial foreclosure statute."  Id. at 830.  The California
7  Superior court recently affirmed this approach in Gomes v. Countrywide Home Loans, Inc., stating
8  "the recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed
9  with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial
10 nature of the process and introduce the possibility of lawsuits filed solely for the purpose of
11 delaying valid foreclosures." Gomes, 192 Cal. App. 4th 1149, 1155 (2011), review denied (May
12 18, 2011).  Indeed, Plaintiffs' claim is the exact type that the California courts seek to prevent from
13 delaying valid foreclosures.  Nor have Plaintiffs cited any relevant legal authority to support their
14 theory.  Accordingly, Plaintiffs' claim of wrongful foreclosure fails and Plaintiffs' request for
15 injunctive and declaratory relief to prevent foreclosure also must fail.
16
17 **B.  Fraud (Second Cause of Action) & Quiet Title (Third Cause of Action)**
18      A claim for fraud must allege the following elements: (a) misrepresentation; (b) knowledge
19 of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage.  In re Estate of
20 Young, 160 Cal.App.4th 62, 79 (2008).  To comply with Federal Rule of Civil Procedure Rule
21 9(b), "allegations of fraud must be specific enough to give defendants notice of the particular
22 misconduct which is alleged to constitute the fraud charged so that they can defend against the
23 charge and not just deny that they have done anything wrong."  Bly-Magee v. California, 236 F.3d
24 1014, 1019 (9th Cir. 2001).
25      Here, Plaintiffs assert that "all Defendants misrepresented that they are the 'holder and
26 owner' of the Note and/or the beneficiary of the Deed of Trust... Defendants are fraudulently
27 foreclosing on a property which they have no monetary [sic] interest...and no party is entitled to
28 receive mortgage payments from the Plaintiffs since the original Note has been paid off at least

1  twice." In short, Plaintiffs claim that because Defendants cannot prove that they are the true owner
2  of the note underlying the mortgage, then they have no authority to foreclose on the property in
3  question, nor do Plaintiffs have any debt obligations on the promissory note. These allegations fail
4  to plead any of the necessary elements of a fraud claim and fail to comply with Rule 9(b)
5  requirement of specificity to provide Defendants with adequate notice. Accordingly, the Court
6  finds that Plaintiffs have failed to plead with sufficient particularity a claim for fraud.

7  Plaintiffs' claim to quiet title also fails for similar reasons. Under California Code of Civil
8  Procedure, Plaintiffs are required to state: (a) a legal description of the real property and its street
9  address, (b) Title as to which a determination is sought and the basis of the title, (c) adverse claims
10 to the title, (d) the date as to which the determination is sought, and (e) a prayer for the
11 determination of the title of the Plaintiff against the adverse claims. Cal. Civ. Pro. Code §761.020.
12 Here, Plaintiffs attempt to substantiate a claim to title by asserting that because the original note
13 had been securitized, that Plaintiffs have no further debt obligations on the loan. The assertion is
14 baseless, without any factual support, and fails to provide a basis of the title. As such, Plaintiffs'
15 cause of action to quiet title fails to state a claim.

16

17 **C. Real Estate Settlement Procedures Act (RESPA) Claim (Fifth Cause of Action)**

18  Plaintiffs claim a violation of RESPA, 12 U.S.C. § 2601 et seq., by the original lender
19 American Home Mortgage for "kickbacks" or "unearned fees" paid to the loan brokers. (Dkt. No.
20 1 at 24-25.) Plaintiffs claim, again, lacks any factual support, and furthermore is barred by a one
21 year statute of limitations. Plaintiffs merely quote from the RESPA statute, and baldly assert that
22 American Home Mortgage violated the RESPA act by overcharging Plaintiffs fees for their loan,
23 thereby creating some sort of "kickback" for other Defendants. The Court finds the allegations far
24 from specific enough to warrant a claim.

25  Additionally, the statute of limitations governing the prohibition against kickbacks is one
26 year from the date of the occurrence of the violation. 12 U.S.C. § 2614. The "date of the
27 occurrence of the violation" has been interpreted by the courts as to the closing date. Snow v. First
28 Am. Title Insu. Co., 332 F.3d 356, 358 (5th Cir. 2003). Here, Plaintiffs' claim was filed over five

years after the origination of their home loan in May 2007, thereby barring the ability to bring a claim under RESPA.

### D. Truth In Lending Act (TILA) Claim (Sixth Cause of Action)

Plaintiffs' final claim alleges a violation of the Truth in Lending Act (TILA). TILA provides that a plaintiff can bring an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "When determining whether the statute of limitations period has expired for the purposes of a motion to dismiss, a court can only grant the motion 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1093 (E.D. Cal. 2009) (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.1995). Here, Plaintiffs became contractually obligated under the deed of trust in May 2007. Plaintiffs do not plead that the claim is brought under the doctrine of equitable tolling, and a reading of the complaint does not provide any justification for tolling the statute.

### IV. CONCLUSION

For the foregoing reasons, Defendants motions to dismiss are **GRANTED WITHOUT PREJUDICE**. Plaintiffs are granted **LEAVE TO AMEND** the complaint fifteen (15) days from the date of this order. Defendants are granted thirty (30) days from the date of service of plaintiff's first amended complaint to file a response thereto. Accordingly, the Court hereby **VACATES** the hearing date scheduled for Friday, February 15th, 2013.

**IT IS SO ORDERED.**

DATED: February 13, 2013

HON. GONZALO P. CURIEL
United States District Judge