1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DOUGLAS AND JULIE ALSOBROOK, | CASE NO. 12-cv-2151-GPC-WMC |
| Plaintiffs, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| | [DKT. NO. 22] |
| AMERICAN HOME MORTGAGE et al., | |
| Defendants. | |

## I. INTRODUCTION

On March 15, 2013, Defendants Mortgage Electronic Registration Systems , Inc. ("MERS")  and Ocwen Loan Servicing filed a motion to dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 22.)  On March 27, 2013 Defendant Saxon Mortgage filed a notice joining aforementioned motion. (Dkt. No. 24.)  For the reasons set out below, the Court hereby **GRANTS** Defendants' motion to dismiss without prejudice.

## II. BACKGROUND

On May 31, 2007, Plaintiffs Douglas and Julie Alsobrook completed a loan for the property located at 4075 Bancroft Drive, La Mesa, California 91941 and the

promissory note was secured by a Deed of Trust.[1]  The Deed of Trust lists MERS as "the beneficiary under this Security Instrument," American Home Mortgage as the lender, and Lawyer's Title as the trustee.  On February 12, 2010, a notice of default and election to sell under deed of trust was filed in San Diego County, which showed that Plaintiffs were in default on the aforementioned loan in the amount of $18,309.78. (Dkt. No. 23, Ex. 2 "Notice of Default.")  On March 16, 2010, MERS assigned all of its rights, title and interest in the Deed of Trust to Saxon Mortgage Services, inc. (Dkt. No. 23, Ex. 3 "Assigned of Deed of Trust.") On June 14, 2012, a notice of sale was recorded by the Trustee, setting a sale date for July 10, 2012 and indicating an unpaid obligation of $335,426.42. (Dkt. No. 23, Ex. 6 "Notice of Sale.") The sale date has been postponed by oral proclamation. (Dkt. No. 23 at 2, "Statement of Facts.")

On August 31, 2012, Plaintiffs brought this pro se action alleging wrongful foreclosure and fraud, seeking injunction and declaratory relief to prevent the foreclosure of their property and seeking to void the Deed of Trust and to quiet title. (Dkt. No. 1.)  On February 12, 2013, this Court granted Defendant's motion to dismiss without prejudice and granted Plaintiffs leave to file an amended complaint. (Dkt. No. 20.) On February 26, 2013, Plaintiffs filed a first amended complaint. (Dkt. No. 21, "FAC.") The FAC alleges wrongful foreclosure and seeks to quiet title and declaratory relief. (Id.)

Plaintiffs assert American Home Mortgage improperly transferred or assigned the promissory note related to their property. (FAC ¶¶ 17-23.)  Plaintiffs allege American Home Mortgage failed to properly transfer the deed of trust to the REMIC Trust resulted in a violation of the Pooling and Servicing Agreement. (FAC

---

[1]Pursuant to Federal Rules of Evidence, Rule 201, Defendants have requested the Court take judicial notice of legal documents underpinning Plaintiffs' entire action.  As Plaintiffs' complaint fails to provide the relevant facts regarding the foreclosure of their property in question, the Court, having reviewed the exhibits, finds that the information can be accurately and readily determined from reliable sources. Accordingly, the Court takes judicial notice of Defendants MERS and Ocwen exhibits 1-6. *See* Dkt. No. 23.

¶¶ 24-25.)  According to Plaintiffs, American Home Mortgage failed to physically deliver the promissory note to an unnamed REMIC trust and therefore "the Deed of Trust is rendered a nullity [since] the Promissory Note itself is not also transferred." (FAC ¶ 32.)  Moreover, Plaintiffs assert that because American Mortgage failed to properly transfer the promissory note and as American Mortgage is now out of business, neither REMIC Trust nor Ocwen Loan Servicing have the legal right to collect mortgage payments from Plaintiffs. (FAC ¶ 43.)  Plaintiff further alleges wrongful foreclosure based on the theory that Defendants do not have standing to foreclose on the property because MERS improperly assigned the interest under the Deed of Trust. (FAC ¶¶ 50-52.) Plaintiffs also assert Defendants have failed to comply with California Civil Code §§ 2932.5 because there was no recorded assignment of deed of trust. (FAC ¶¶ 53-56.)

Defendants Ocwen Loan Servicing and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss Plaintiffs' first amended complaint. (Dkt. No. 22.) Defendants contend Plaintiffs fail to state a claim for wrongful foreclosure as a matter of law. (Dkt. No. 22 at 2.)  Defendants further argue that Plaintiffs lack standing to challenge securitization of their loan and lack standing to challenge the wrongful foreclosure based on the MERS assignment.  (Id. at 3-5.)  Defendants also contend Plaintiff has failed to state a claim to quiet title and declaratory relief. (Id. at 5-6.)

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to

plead essential facts under that theory. <u>Robertson</u>, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. <u>Lee v. Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

## IV. DISCUSSION

### A. Quiet Title

Plaintiffs have failed to state a claim to quiet title. Under California Code of

Civil Procedure, Plaintiffs are required to state: (a) a legal description of the real property and its street address, (b) Title as to which a determination is sought and the basis of the title, (c) adverse claims to the title, (d) the date as to which the determination is sought, and (e) a prayer for the determination of the title of the Plaintiff against the adverse claims.  Cal. Civ. Pro. Code §761.020. Moreover, to quiet title the debt must be discharged.  Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1979)("[A]ppellant can[not] quiet title without discharging his debt . . . the cloud upon his title persists until the debt is paid")(internal citations omitted).  Here, Plaintiffs allege that because American Home Mortgage did not properly sell or transfer the promissory note no party can enforce the terms of the loan and Plaintiffs have no further debt obligations on the loan. (FAC ¶¶ 38, 47.) This allegation fails to state a proper claim to quiet title.  Plaintiffs allegations do not establish who has legal basis to the title nor do Plaintiffs show the discharge of loan debt.  As such, Plaintiffs fail to state a claim to quiet title.

**B. Wrongful Foreclosure**

Defendants assert Plaintiffs lack standing to challenge securitization of their loan, and therefore cannot state a claim for wrongful disclosure.  (Dkt. No. 22 at 3-4.)  Plaintiffs do not challenge these arguments in their response. (Dkt. No. 25.)

The Court finds Plaintiffs lack standing to challenge the securitization of their loan. As an initial matter, Plaintiffs allege the Defendants do not have authority to foreclose on their home.  Courts have rejected similar claims that corporations do not have the authority to foreclose because the original mortgage lender "improperly" packaged and sold the original loan.  Lane v. Vitek Real Estate Industries Group, 713 F.Supp. 2d 1092 (E.D. Cal. 2010)("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts.");  Benham v. Aurora Loan Services, 2009 WL 2880232 at *3 (N.D. Cal. Sept.1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the

deed of trust when the original promissory note is assigned to a trust pool."). Here, Plaintiffs allege the "transfer of beneficial ownership in the Deed of Trust to any third party as result of the execution of said assignment by MERS or any agent of MERS is invalid." (FAC ¶ 52.) The Court finds the allegation is baseless and fails to properly state a wrongful foreclosure claim.

Moreover, Plaintiffs have not asserted that they are party to the loan securitization agreement. Courts have also rejected claims challenging foreclosure when Plaintiffs are not a party to the securitization agreement. <u>Bascos v. Fed. Home Loan Mortgage Corp.</u>, CV 11-3968-JFW JCX, 2011 WL 3157063 (C.D. Cal. July 22, 2011)("Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust"). Courts have also held that homeowner-plaintiff lacks standing when challenging the assignment of a deed of trust because "only someone who suffered a concrete and particularized injury that is fairly traceable to the substitution can bring an action to declare the assignment . . . void." <u>Carollo v. Vericrest Fin., Inc.</u>, 2012 WL 4343816 (N.D. Cal. Sept. 21, 2012) (citing <u>Javaheri v. JPMorgan Chase Bank, N.A.</u>, 2012 WL 3426278 at *6 (C.D. Cal. Aug. 13, 2012). Plaintiffs FAC does not allege that they were party to the loan securitization agreement nor have they asserted such a "concrete or particularized injury" related to the transfer of the promissory note. As such, the Court finds Plaintiffs lack to standing to challenge the securitization of their loan.

As an additional matter, California courts have rejected the "holder of note" theory that Plaintiffs rely upon. In essence, Plaintiffs argue that American Home Mortgage improperly sold and transferred the promissory note, and therefore there is no ability to determine the actual holder of the note. California's nonjudicial foreclosure scheme is set forth in California Civil Code sections 2924 through 2924(k), which "provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." <u>Moeller v. Lien,</u> 25 Cal.App. 4th 822, 830 (1994). California appellate courts

have "refused to read any additional requirements into the non-judicial foreclosure statute." Id. at 830.  The California Superior court recently affirmed this approach in Gomes v. Countrywide Home Loans, Inc., stating "the recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Gomes, 192 Cal. App. 4th 1149, 1155 (2011), review denied (May 18, 2011). To the extent that Plaintiffs rely upon this theory, the wrongful foreclosure claim also fails.

**C.  Failure to Comply with California Civil Code § 2932.5**

Plaintiff has not sufficiently alleged Defendants have violated California Civil Code § 2932.5.  This section provides: "Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code § 2932.5. Lenders must contact the borrower by phone or in person to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."   Here, Plaintiffs allege Defendants have not complied with Cal. Civ. C. § 2932.5 for failure to record a document in the "public chain of title reflecting from whom it acquired the beneficial interest in Plaintiffs' Deed of Trust." (FAC ¶ 56.)  Defendants argue that § 2932.5 is inapplicable to deeds of trust.  (Dkt. No. 22 at 5.)

Plaintiffs fail to allege violation of Cal. Civ. Code  § 2932.5.  "It has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust. Calvo v. HSBC Bank USA, N.A., 199 Cal. App. 4th 118, 122(2011),

review denied (Jan. 4, 2012).  Here, Plaintiffs allegations are entirely based on the improper transfer of the deed of trust, on the underlying mortgage that created the lien. As such, the Court finds Plaintiff has failed to state a violation of Cal. Civ. Code  § 2932.5.

**D. Declaratory Relief**

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that federal courts may issue declaratory judgments only in cases of an "actual controversy." 28 U.S.C. § 2201.  For similar reasons as previously discussed, Plaintiffs have failed to state an "actual controversy" exists for purposes of 28 U.S.C. §2201 (a).  As such, the Court finds Plaintiffs have failed to state a claim for declaratory relief.

**IV. CONCLUSION**

For the foregoing reasons, Defendants motion to dismiss is **GRANTED WITHOUT PREJUDICE**.  Plaintiffs are granted **LEAVE TO AMEND** the complaint thirty (30) days from the date of this order to address deficiencies noted herein.  Defendants are granted twenty (20) days from the date of service of plaintiff's second amended complaint to file a response thereto.  Accordingly, the Court hereby **VACATES** the hearing date scheduled for Friday, May 31, 2013.

**IT IS SO ORDERED.**

DATED:  May 30, 2013

HON. GONZALO P. CURIEL
United States District Judge