1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   DOUGLAS AND JULIE                    CASE NO. 12-cv-2151-GPC-
     ALSOBROOK,                           WMC
12
                          Plaintiffs,
13
                                          **ORDER GRANTING
14        vs.                             DEFENDANTS' MOTION TO
                                          DISMISS PLAINTIFFS'
15                                        FIRST AMENDED
                                          COMPLAINT**
16
                                          [DKT. NO. 30]
17   AMERICAN HOME MORTGAGE et
     al.,
18
                          Defendants.
19
20
21        On August 19, 2013,  Defendants Mortgage Electronic Registration Systems,
22   Inc. ("MERS") and Ocwen Loan Servicing LLC ("Ocwen") filed this Motion to
23   Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss") pursuant to
24   Federal Rule of Civil Procedure 41(b). (Dkt. No. 30.) On August 20, 2013, Defendant
25   Saxon Mortgage, Inc. ("Saxon") filed a notice joining that motion. (Dkt. No. 31.) For
26   the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss
27   Plaintiffs' First Amended Complaint.
28

# I. BACKGROUND

On August 31, 2012, Plaintiffs Douglas and Julie Alsobrook brought this pro se action against MERS, Ocwen, and Saxon alleging wrongful foreclosure and fraud and seeking injunctive and declaratory relief to prevent the foreclosure of their property. (Dkt. No. 1.)  On September 28, 2012, Saxon filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 7.)  On October 5, 2012, MERS and Ocwen also filed a 12(b)(6) motion to dismiss. (Dkt. No. 8.)  On February 12, 2012, this Court granted the Defendants' respective motions to dismiss without prejudice and granted Plaintiffs leave to file an amended complaint within fifteen days. (Dkt. No. 20.)  On February 26, 2013, Plaintiffs filed a first amended complaint. (Dkt. No. 21, "FAC.")  On March 15, 2013, MERS and Ocwen filed a 12(b)(6) motion to dismiss Plaintiffs' FAC.  (Dkt. No. 22.)  On March 27, 2013, Saxon filed a notice joining that motion. (Dkt.  No. 24.)  On May 30, 2013, this Court granted the Defendants' motion to dismiss without prejudice and granted Plaintiffs leave to file a second amended complaint within thirty days.  (Dkt. No. 29.)  Plaintiff did not file a an amended complaint.

On August 19, 2013, MERS and Ocwen filed this Motion to Dismiss.  (Dkt. No. 30.) On August 20, 2013, Saxon joined that Motion to Dismiss. (Dkt.  No. 31.) To date, Plaintiffs have not filed a second amended complaint or an opposition to the Motion to Dismiss.

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of the action "if the plaintiff fails to prosecute or comply with" the Federal Rules or court orders.  Fed. R. Civ. P. 41(b).  "Under [the] Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim."  Yourish v. California, 191 F.3d 983, 986 (9th Cir.1999).  Accordingly, pursuant to Federal Rule

of Civil Procedure 41(b), the district court may dismiss an action for a Plaintiff's failure to comply with a court order to amend his complaint. <u>Ferdik v. Bonzelet</u>, 936 F.2d 1258, 1263 (9th Cir.1992). Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits, "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." Fed. R. Civ. P. 41(b).

"Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." <u>Ferdik</u>, 963 F.2d at 1260. Before dismissing an action, the Court must evaluate five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir.2002). Dismissal is proper "where at least four factors support dismissal, or where at least three factors strongly support dismissal." <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir.2011).

### III. DISCUSSION

To determine whether to dismiss Plaintiffs' FAC, the Court evaluates the five factors.

### A. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." <u>Pagtalunan</u>, 291 F.3d at 642. Here, the first factor favors dismissal. On August 31, 2012, Plaintiffs initiated this action. (Dkt. No. 1.) On February 13, 2013, this Court dismissed Plaintiffs' complaint but granted them fifteen days to file a first amended complaint. (Dkt. No. 20.) On February 26, 2013, Plaintiffs subsequently filed their FAC. (Dkt. No. 21.) On May 30, 2013, this Court dismissed Plaintiffs' FAC, but granted them thirty days to file a second amended complaint. (Dkt. No. 29.) Despite the May 30, 2013 Order, however, Plaintiffs have failed to amend their FAC. (<u>Id.</u>) Furthermore, Plaintiffs did not provide

explanations for their failure to file a second amended complaint to this Court and did not file an opposition to Defendants' Motion to Dismiss. Due to these failures, this factor weighs strongly in favor of dismissal.

## B. Court's Need to Manage Its Docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. Here, the second factor favors dismissal. Plaintiffs' failure to abide by the May 30, 2013 Order (Dkt. No. 29.) to file a second amended complaint has caused this action to stall, impermissibly allowing Plaintiffs to control the pace of the docket, rather than the Court. Plaintiffs' conduct show that they do not intend to litigate this action diligently. Dismissal of this action would, therefore, resolve this litigation and assist in the effective management of the Court's docket. Thus, this factor also weighs in favor of dismissal.

## C. Risk of Prejudice to Defendants

A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir.2002). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. "[W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir.1980).

To date, Plaintiffs have not come forth with any reason or explanation for their failure to comply with this Court's Order or respond to the pending motion to dismiss. Accordingly, their inaction creates a presumption of prejudice. Thus, this factor weighs in favor of dismissal.

## D. Availability of Less Drastic Alternatives

The court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives. Henderson

v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986).  In the Ninth Circuit, when a case is not quite a year old, a district court must consider less drastic alternative sanctions before dismissing the case.  See Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir.1981).

Here, the Court provided Plaintiffs two opportunities to amend their complaints and cure the complaints' deficiencies. (Dkt. Nos. 20 & 29.)  Although the Court could grant Plaintiffs additional time to file a second amended complaint, Plaintiffs have not sought an extension of time show they desire to continue with this action or are able to cure the deficiencies of the FAC.  Accordingly, no meaningful alternatives are available at this stage of litigation.

**E. Public Policy Favoring Disposition of Cases on Their Merits**

"The public policy favoring disposition of cases on their merits counsels strongly against dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Here, the case would not be decided on the merits.  Given that public policy favors disposition of cases on the merits, this factor does not weigh in favor of dismissal. Pagtalunan, 291 F.3d at 643.

On balance, the Court concludes that four of the five factors weigh in favor of dismissal.  As a result of Plaintiffs' failure to amend their FAC after the May 30, 2012 Order, (Dkt. No. 29), and to provide explanations for the delay, the Court finds that dismissal of the action is warranted.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. The Court hereby **DISMISSES** the action in its entirety **WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment accordingly.

DATED:  September 30, 2013

HON. GONZALO P. CURIEL
United States District Judge